*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-187

NOVEMBER TERM, 2011

| | |
|---|---|
| Kalah Gharouni | } APPEALED FROM: |
| | } |
| v. | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| Lorenzo de Coninck | } DOCKET NO. F238-3-08 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Mother appeals from the trial court's order in this ongoing dispute involving parent-child contact. We affirm.

Mother and father are the parents of two minor children. In May 2008, they stipulated that they would share legal responsibility for the children and that mother would have sole physical responsibility subject to father's parent-child contact rights, which were set forth in the agreement. As relevant here, the parties agreed that father would pick up and drop off the children unless he provided mother with "a reasonably agreeable vehicle." If he did so, then mother could meet father halfway to pickup and drop off the children.

The parties filed numerous motions with the court thereafter. In February 2011, the parties agreed to use a parent coordinator, and the court issued an order to this effect. In April 2011, the parent coordinator submitted a report and recommendations to the court as well as a request to clarify, asking the court how the phrase "a reasonably agreeable vehicle" was to be determined and whether the parent coordinator needed to decide this question. In an April 28 entry order, the court indicated that in its opinion, the term meant a vehicle that was inspected and legal to operate. A status conference was held on May 5, 2011. The court opened the proceedings by stating that it had before it the proposed order from the parent coordinator for the parties' signatures. Mother's attorney indicated that mother had "some issues and clarifications." Counsel stated that, by making minor changes at the status conference, he was trying to head off the need for a hearing, which would be necessary if the parties refused to accept the parent coordinator's recommendations.

During the status conference, father indicated that he had a 1997 Chevy Tahoe to give to mother so that she could share in the transportation responsibilities. Wife's attorney stated that he thought there was something wrong with the vehicle because it had not been registered for five years. The court reiterated that the vehicle need only be inspected and registered to satisfy the parties' prior agreement. Father responded that the car had been inspected by a mechanic and that it was in mint condition. Following the status conference, the court issued an order setting forth a revised parent-contact schedule. As to the vehicle issue, the order stated that the car provided to wife needed to be "legally insured and registered." Mother appealed from this order.

Mother raises numerous arguments, none of which were raised below.[*]  She asserts, for example, that she was denied her right to a hearing on the parent coordinator's report in violation of Vermont Rule for Family Proceedings 4(s)(8) and that she did not receive notice of the report fourteen days prior to the status conference as required by Rule 4(s)(5)(H).  Mother did not request a hearing below, nor did she object to the failure to hold a hearing.  She did not argue that she had not received the report in a timely fashion prior to the status conference, or that she had insufficient time to review the parent coordinator's report prior to the status conference.  Mother cannot raise these claims of error for the first time on appeal.  See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").  We note that the record shows that mother's attorney came to the status conference prepared to go through the parent coordinator's report page by page and offer his feedback, and he did in fact suggest modifications to the report.  The court considered the parties' comments and issued a final order adopting many of the parent coordinator's recommendations.  See V.R.F.P. 4(s)(7) ("At the status conference . . . [i]f there is no stipulation, the court shall consider parent coordinator's report and any objections.  If there are no longer contested issues, the court may issue a final order for parent-child contact based on parent coordinator's recommendations and any revisions that the court may make.").  The parties' bickering over what constituted a "reasonably agreeable vehicle" was not a contested issue that required a hearing.

Mother next asserts the court unjustly modified the parties' stipulation regarding transportation without sufficient grounds for doing so.  Mother similarly did not raise this argument below, and we therefore do not address it.  Even if she had raised this argument, we would reject it.  The court did not modify the parties' stipulation.  It simply adopted a reasonable definition for a term within that agreement, and it did not abuse its discretion in doing so.  Finally, mother fails to show that she preserved any objections to what she describes as conflicting or unclear terms in the visitation and transportation schedule.  See V.R.A.P. 28(a)(4) (stating that appellant's brief should explain "the issues presented" and "how the issues were preserved").  We find no ground to disturb the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

---

[*] In a similar vein, we have not considered any evidence that was not presented below.  See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial.").